# Case No. 15

Yang v. Nobilis Health Corporation, Not Reported in Fed. Rptr. (2021)

2021 WL 3619863, Fed. Sec. L. Rep. P 101,210

2021 WL 3619863
United States Court of Appeals, Fifth Circuit.

Zhang YANG, Plaintiff—Appellant,

v.

NOBILIS HEALTH CORPORATION;
Harry Fleming; David Young; Kenneth
J. Klein, Defendants—Appellees.

No. 20-20538
|
FILED August 13, 2021

Appeal from the United States District Court for the Southern District of Texas, USDC No. 4:19-cv-145

**Attorneys and Law Firms**

Omar Jafri, Patrick V. Dahlstrom, Pomerantz, L.L.P., Chicago, IL, Sammy Ford, IV, Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing, P.C., Houston, TX, for Plaintiff-Appellant.

Tyler Geoffrey Doyle, Rex Manning, Jacquelyn Rex, Crystal Robles, Smyser Kaplan & Veselka, L.L.P., Houston, TX, for Defendants-Appellees.

Before Jolly, Duncan, and Oldham, Circuit Judges.

**Opinion**

Per Curiam: [*]

[*]     Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

**\*1** A putative class of stockholders of Nobilis Health Corporation sued the company and three of its corporate officers, claiming the company engaged in unlawful and fraudulent misrepresentation of the company's financial condition to inflate its stock price. The district court found that the amended complaint failed to adequately plead scienter under the Private Securities Litigation Reform Act of 1995 ("PSLRA") and dismissed the case for failure to state a claim. We affirm.

I.

Nobilis was a publicly traded healthcare development and management company with 30 locations across Texas and Arizona. Defendant Harry Fleming served as CEO from January 2017 until December 2018, and later served as chairman of the board. Defendant David Young served as the company's CFO from February 2017 until October 2018. And Defendant Kenneth Klein served as interim CFO from October 2018 until January 2019.

The plaintiffs claim Nobilis struggled financially but deceptively concealed its declining position with half-true press releases and flawed financial reports. In its March 2016 10-K, Nobilis admitted that it had failed to employ personnel with the requisite knowledge or training in the application of Generally Accepted Accounting Principles ("GAAP"), and that it failed to appropriately oversee the company's accounting and financial reporting departments. In particular, Nobilis confessed problems with "management of third-party billing and collections of aged receivables," and noted its efforts to remediate operational defects by hiring staff with GAAP experience.

But according to the plaintiffs, the company's announced remedial efforts were all smoke and mirrors. The plaintiffs claim that the company continued to flout GAAP rules and failed to write down accounts receivable the company knew to be uncollectable. Worse yet, the plaintiffs allege the company fraudulently blamed a change in GAAP rules for financial failures and missed targets, rather than alerting investors and analysts that the financial difficulties were caused by uncollectable accounts receivable.

The district court determined that the plaintiffs' allegations fell short of the heightened scienter pleading requirements of the PSLRA and thus dismissed the case for failure to state a claim. The plaintiffs appealed. Our review is de novo. *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020).

II.

The elements of a private securities fraud claim based on violations of 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b–5 are: (1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a

2021 WL 3619863, Fed. Sec. L. Rep. P 101,210

security; (4) reliance upon the misrepresentation or omission; (5) economic loss; (6) loss causation. *See Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 809–10, 131 S.Ct. 2179, 180 L.Ed.2d 24 (2011) (quotation omitted). Only scienter is relevant to this appeal.

Analyzing scienter is a holistic enterprise that asks "whether *all* of the facts alleged, taken collectively, give rise to a strong inference of scienter." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007). A court first considers "the contribution of each individual allegation to a strong inference of scienter." *Owens v. Jastrow*, 789 F.3d 529, 537 (5th Cir. 2015). If "any single allegation, standing alone, create[s] a strong inference of scienter, the case should proceed"; but if not, the court must then follow the individualized analysis with a holistic review of all scienter allegations together. *Ibid.* A complaint will survive only if the plaintiffs "plead facts that give rise to a 'strong'—*i.e.*, a powerful or cogent—inference" of intent or severe recklessness. *Tellabs*, 551 U.S. at 323, 127 S.Ct. 2499. We begin with an individualized analysis of plaintiffs' allegations. Then we turn to a holistic review.

A.

**\*2** The plaintiffs offer three pieces of information in support of their scienter allegations. First, they allege that Fleming and Young signed the company's 2018 Sarbanes-Oxley ("SOX") certifications in their official capacities as corporate executives. But our court has been clear that SOX certifications standing alone are insufficient to make out a compelling inference of scienter. *See Cent. Laborers' Pension Fund v. Integrated Elec. Servs. Inc.*, 497 F.3d 546, 555 (5th Cir. 2007).

Next, the plaintiffs allege that the GAAP violations coupled with Young's position as CFO are sufficient to show he knew or was severely reckless in ignoring the company's faltering financial state. But GAAP violations standing alone do not make out a cogent and compelling case for scienter. *See Ind. Elec. Workers' Pension Tr. Fund IBEW v. Shaw Group, Inc.*, 537 F.3d 527, 534 & n.3 (5th Cir. 2008) ("[A] failure to follow GAAP, without more, does not establish scienter." (quotation omitted)).

Last, the plaintiffs offer confidential-witness testimony from three Nobilis employees who claimed that the company retained a backlog of unpaid claims executives knew to be uncollectable. For a confidential witness testimony to be credited towards a finding of scienter, the complaint must indicate how or when the officers became aware of what the confidential source allegedly knew. *See Shaw Group*, 537 F.3d at 542. The confidential testimony here doesn't do that. Stripped down, the testimony of the confidential witnesses makes some conclusory allegations about corporate knowledge, but none of the testimony indicates how or when corporate officers became aware of the relevant information. *See Owens*, 789 F.3d at 545 (finding no scienter where the complaint "contain[ed] no particularized allegations of ... warnings to [defendants]" of alleged fraud); *Shaw Group*, 537 F.3d at 545 (finding no scienter where the plaintiff failed to plead facts showing that the defendants were "on notice" as to their alleged misstatements).

The most particularized allegation from any of the confidential witnesses comes from confidential witness 3, who claims that Young's state of mind can be inferred because he was present in the company's billing office over the course of several months. But simply alleging that Young was in a particular office at a particular time does not permit this court to infer that Young was aware or severely reckless in failing to appreciate the uncollectablilty of particular accounts. Mere proximity to information does not automatically translate to knowledge of it. *See Nathenson v. Zonagen Inc.*, 267 F.3d 400, 424 (5th Cir. 2001) ("An officer's position with a company does not suffice to create an inference of scienter.").

B.

Because plaintiffs' allegations individually do not support a "powerful or cogent" inference of scienter, we turn next to a holistic review of the complaint to determine "whether *all* of the facts alleged, taken collectively, give rise to a strong inference of scienter." *Tellabs*, 551 U.S. at 323, 127 S.Ct. 2499. Our review is particular to each defendant. *See Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 365 (5th Cir. 2004) (requiring plaintiffs suing under the PSLRA to "distinguish among those they sue and enlighten *each defendant* as to his or her particular part in the alleged fraud" (quotation omitted)).

There are no particular scienter allegations against Klein other than that he, by virtue of his corporate position, must've been aware of the company's GAAP violations and the misrepresentations made in corporate releases. Plaintiffs urge us, in our holistic review, to infer Klein's scienter based on

Case 4:21-cv-02473 Document 29-42 Filed 03/08/22 in TXSD Page 4 of 4

Yang v. Nobilis Health Corporation, Not Reported in Fed. Rptr. (2021)
2021 WL 3619863, Fed. Sec. L. Rep. P 101,210

his corporate position—but that isn't allowed. *See Nathenson, 267 F.3d at 424.*

 **\*3** The allegations against Fleming are similarly thin. The plaintiffs offer two allegations they claims to be sufficient to allege scienter as to Fleming: first, Fleming's position as CEO, and second, Fleming's signatures on SOX certifications. Taken together, Fleming's corporate position and SOX signature provide neither cogent nor powerful inference of scienter and are plainly insufficient. *See ibid.; Cent. Laborers' Pension Fund, 497 F.3d at 552.* These allegations simply reveal a truism—that Fleming was a corporate director who performed official duties including signing SOX certificates. We know nothing about Fleming's frame of mind, nor can we infer it based on the plaintiffs' conclusory assumptions that he acted with reckless disregard to alleged fraud.

That leaves Young. Taken together, the amended complaint alleges that Young's scienter can be inferred on the basis of three allegations. First, Young's position as CFO; second, Young's signature on the SOX certifications; and third, the allegation that Young visited the business office on several occasions to stimulate debt collection. There is not a single allegation that any confidential witness or any other person informed Young about their subjective views of the company's financial situation. So rather than presenting a "powerful or cogent" allegation of scienter, *Tellabs, 551 U.S. at 324, 127 S.Ct. 2499,* the plaintiffs ask us to imagine that Young acted with scienter based on his day-to-day involvement with the company, and the fact he was in proximity to people who allegedly had the relevant information. That's plainly insufficient to plead scienter. *See Fin. Acquisition Partners LP v. Blackwell, 440 F.3d 278, 287 (5th Cir. 2006)* ("Corporate officers are *not* liable for acts solely because they are officers, even where their day-to-day involvement in the corporation is pleaded."). [†]

[†] The plaintiffs also ask us to forgive the insufficient scienter allegations in accordance with the special circumstances exception. In "rare case[s] ... motive and opportunity allegations alone can support a strong inference of scienter." *Local 731 I.B. of T. Excavators & Pavers Pension Tr. Fund, 810 F.3d 951, 958 (5th Cir. 2016)* (quotation omitted). Under that narrow exception, one must meet some combination of four considerations. First, the company must be small. *See Alaska Elec. Pension Fund v. Flotek Indust., Inc., 915 F.3d 975, 985 (5th Cir. 2019)* ("[This court] has never found special circumstances permitting an inference of scienter based solely on a defendant's position when the company was large."). Second, the transaction at issue is critical to the company's continued vitality. *See Local 731 I.B., 810 F.3d at 968.* Third, the misrepresentation is readily apparent to the speaker. *See ibid.* And last, the defendants' statements are internally inconsistent. *See Plotkin v. IP Axess Inc., 407 F.3d 690, 700 (5th Cir. 2005).* The exception does not apply in this case because Nobilis was a large company with hundreds of employees, in 30 locations, and the exception does not apply in such circumstances. *See Alaska Elec. Pension Fund, 915 F.3d at 985.*

AFFIRMED.

**All Citations**

Not Reported in Fed. Rptr., 2021 WL 3619863, Fed. Sec. L. Rep. P 101,210

---

**End of Document**

© 2022 Thomson Reuters. No claim to original U.S. Government Works.