Case 4:21-cv-02473    Document 85-30    Filed 08/16/24 in TXSD    Page 1 of 2

Tewari De–Ox Systems, Inc. v. Mountain States/Rosen, LLC, Not Reported in Fed....

2009 WL 10674753
Only the Westlaw citation is currently available.
United States District Court, W.D.
Texas, San Antonio Division.

TEWARI DE–OX SYSTEMS, INC., Plaintiff,

v.

MOUNTAIN STATES/ROSEN, LLC, Defendant.

Cause No. SA–08–CA–190–OG
|
Signed 08/19/2009

**Attorneys and Law Firms**

Laura E. Gutierrez Tamez, Law Offices of Frank Herrera, San Antonio, TX, Lawrence Fischman, O. Luke Davis, III, Glast, Phillips & Murray, P.C., Malcolm W. Pipes, Groover & Associates, Dallas, TX, Robert Overton Groover, III, Groover & Associates PLLC, Lewisville, TX, for Plaintiff.

Megan M. O'Laughlin, Hitchcock Evert LLP, Dallas, TX, for Defendant.


**ORDER**

ORLANDO L. GARCIA, UNITED STATES DISTRICT JUDGE

**\*1** Pending before the Court is the Defendant's Motion to Exlude the Expert Testimony of Dr. Gauray Tewari ("Dr. Tewari") (Dkt. #54). Plaintiff has filed a response to the motion. (Dkt. #55), and defendant has filed a reply (Dkt. #63). Having reviewed the record and applicable law, the Court GRANTS the Defendant's motion.

Tewari De–Ox Systems, Inc. ("Tewari") filed this trade secret suit against Mountain States/Rosen LLC ("MSR") alleging breach of contract, misappropriation, theft liability act violation, fraudulent inducement, fraud, and breach of fiduciary duty. (Dkt. #1, ¶ 28–45) Tewari is a corporation that developed a packing system able to extend the life of meats past the traditional 7–10 days. (*Id.* at ¶ 12). The development of this process required knowledge of chemical engineering, heat transfer, and meat science, and was developed over a number of years by Tewari. (*Id*). Tewari claims this process under trade secret protections. (*Id.*).

In early 2005, MSR called Tewari and inquired about the De–Ox system. (*Id* at ¶ 14). MSR had knowledge of successful testing in other companies, and wished to test it for their use. (*Id.*) A representative of MSR signed a Confidentiality and Nondisclosure Agreement on March 9, 2005 setting forth the "conditions and obligations which [would] govern the uses, duplication and disclosure of Confidential and Proprietary Information that may be disclosed."(*Id.*)

Allegedly, MSR failed to enter into a business agreement with Tewari for continued use of its process, yet still continued to employ the process which Tewari had disclosed to it. (*Id.* at ¶ 27) As a result, Tewari has suffered some degree of economic loss, the amount of which is disputed. (*Id.* at ¶ 46)

On May 28, Plaintiff filed its designation of expert witnesses listing only Dr. Tewari. The disclosure lists him as an expert in a myriad of subjects relating to the company, including damages suffered as a result of the alleged violation by the defendant. On June 17, defendant filed its motion to exclude Dr. Tewari as a expert on damages. Plaintiff filed its response on June 22, and defendant replied on July 6.

Courts may make pretrial rulings on admissibility of expert testimony and are to act as gatekeepers for all expert testimony in order to evaluate whether an expert has met the criteria set forth in Rule 702 of the Federal Rules of Evidence. FED. R. EVID. 102(a), 702, *Daubert v. Merrell Dow Pharms*., 509 U.S. 579, 113 S.Ct. 2786 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 119 S.Ct. 1167 (1999). In order to prevent unqualified opinion testimony from reaching the jury, a judge can exclude testimony based on the expert's qualifications as well as the reliability of the expert's opinion, including the method he used to reach his conclusions. FED. R. EVID. 702, *see also Daubert,* 509 U.S. 579 at 588–589.

A witness must be "qualified as an expert by knowledge, skill, experience, training, or education." FED. R. EVID. 702. It is not disputed that Dr. Tewari has unique knowledge about the Tewari De–Ox system and about his company's aggregate operations. However, defendant asserts that Dr. Tewari lacks the requisite knowledge to testify as an expert on damages, and that instead Dr. Tewari would be, at best, a factual witness. Dr. Tewari admittedly has no economics degree, nor has he studied economics or damages intricately in this case, or in any other. The record does not reflect that he possesses any special knowledge about any loss projection model other than simple calculations. Dr. Tewari also lacks any formal skills,

experience, or training as an expert to testify concerning the damages incurred by his company.

**\*2**  Additionally, Dr. Tewari lacks a reliable methodology from which he can calculate damages. In *Daubert,* the Supreme Court provided several factors which can be used in determining whether the expert's methodology is sufficient. *Daubert*, 509 U.S. at 593. In the case at bar, Dr. Tewari argues that his method is simple: he must simply "take the number of scavengers and masterbags purchased by MTSR from other companies and multiply that by his profit margin" in order to get the damages sustained for loss of sales. (Dkt. #55, Pg. 4). However, Dr. Tewari provides no methodology for calculating cost of development loss or loss from misappropriation. Defendant argues, and the Court is persuaded, that there is no underlying technique which Dr. Tewari will use in order to achieve an overall damage calculation.

Dr. Tewari, in his deposition, advances another technique for measuring Tewari's loses: the "assets" section of its financial reports. (Dkt. #28, Ex. 4, Pg. 4). However, Dr. Tewari did not prepare these reports, nor does he seem to understand the process used to prepare them. On multiple occasions in his deposition, Dr. Tewari states that he "does not know" and needs to consult his accountant in order to determine what is in the financial reports. (*Id.* at 9, 11; Ex. 5, Pg. 6, 9). Even if the court was to accept the premise that 100 percent of Tewari's assets went into cost of development, Dr. Tewari still cannot testify as an expert on the method used in asset calculation. Therefore, Dr. Tewari is lacking any reliable methodology to calculate Tewari's damages in this case. The record is also is void of any proof that this method of calculating cost of development damages is generally accepted in the economics community, or that it has been peer reviewed, published, or even tested.

Because Dr. Tewari does not meet the skill requirement of Rule 702, and does not employ a reliable methodology to calculate the totality of his company's damages, Defendant's motion is GRANTED, and Dr. Tewari is EXCLUDED from testifying as an expert on damages.

**All Citations**

Not Reported in Fed. Supp., 2009 WL 10674753

---

**End of Document**

© 2024 Thomson Reuters. No claim to original U.S. Government Works.