**BAKER BOTTS** L.L.P.

910 LOUISIANA
HOUSTON, TEXAS
77002-4995

TEL +1 713.229.1234
FAX +1 713.229.1522
BakerBotts.com

AUSTIN
BRUSSELS
DALLAS
DUBAI
**HOUSTON**
LONDON

NEW YORK
PALO ALTO
RIYADH
SAN FRANCISCO
SINGAPORE
WASHINGTON

September 4, 2024

**VIA E-FILING**

Amy Pharr Hefley
TEL: 713.229.1270
FAX: 713.229.2770
amy.hefley@bakerbotts.com

The Honorable Judge Andrew S. Hanen
United States Courthouse
515 Rusk Street, Room 9110
Houston, TX 77002

Re:   *In re Concho Resources Inc., Sec. Litig.*, 4:21-cv-02473 (S.D. Tex.)

Dear Judge Hanen:

We write in response to Plaintiffs' August 28, 2024 letter to the Court, requesting a six-month extension of all case deadlines. Defendants' position is that such an extension is excessive.

Plaintiffs' letter mischaracterizes Defendants' discovery efforts over the past ten months. For starters, Plaintiffs' suggestion that Defendants should have begun producing documents in December 2023 ignores that after Defendants served their objections and responses to Plaintiffs' (patently overbroad) document requests on November 27, 2023, Defendants spent the next several months attempting to resolve Plaintiffs' objections to the document custodians, search terms, and date range Defendants would use to locate responsive documents, as well as the scope of relevance in response to Plaintiffs' requests. As Defendants repeatedly advised Plaintiffs, Defendants could not begin their document review until at least the scope objections were resolved, lest Defendants find themselves needing to review the same documents multiple times based on the scope rulings. It was not until the April 25, 2024 hearing that those threshold disputes about the scope of discovery, custodians, and search terms were resolved.

Meanwhile—several months into the parties' negotiations—on February 22, 2024, Plaintiffs agreed to a scheduling order setting, among other things, (1) an April 8 deadline for agreeing on search protocol or submitting threshold disputes to the Court (which prompted the parties' April 8 pre-motion letter to the Court and the April 25 hearing), (2) a September 5 deadline for Defendants' substantial completion of their document production, and (3) a December 23 deadline for completing fact discovery, which the parties long ago agreed would comprise no more than 10 depositions per side. *See* DE 49 at 5 (JD/CMP).

One month after the April 25 hearing, on May 25, Defendants complied with the Court's directive to prioritize production of the technical Dominator data that Plaintiffs requested, so that Plaintiffs could get that data to their expert, as discussed at the April 25 hearing. 4/25/24 Tr. 38-39. Despite the Court's suggestion at the April 25 hearing that Plaintiffs take a 30(b)(6) deposition to get the lay of the land on Concho's large-scale projects (something Plaintiffs acknowledged "makes sense," *id.* at 39), or have their expert review the technical Dominator data and assess what specific documentation Plaintiffs wanted for other projects, Plaintiffs did neither. Instead, they waited almost four months, until August 18, to serve interrogatories requesting such basic information about Concho's projects. And even though their expert has had more than three

121571906

**BAKER BOTTS** LLP

Hon. Andrew S. Hanen                                  - 2 -                              September 4, 2024

months to analyze the Dominator-related technical data, Plaintiffs waited until August 22 to send a letter identifying only one category of technical data (well plats and well pad details) they claim to need for non-Dominator wells. Plaintiffs' letter supplies no justification for those delays, let alone an explanation of how they could possibly warrant a six-month extension of the remaining deadlines.

Meanwhile, Defendants have worked tirelessly over the summer to satisfy their September 5 substantial completion deadline. Only on the eve of that deadline—after Defendants had expended significant time and resources to meet their obligations—did Plaintiffs request a half-year extension of the schedule. That extension would amount to roughly 10 months for Plaintiffs to complete review of Defendants' productions and take 10 fact-witness depositions—more than double the amount of time that it took Defendants to review and produce those documents after the April 25 hearing, and more than double the document production and deposition periods to which Plaintiffs agreed in the February 22 schedule.

Contrary to the "emphatic 'no'" Plaintiffs recount in their letter, Defendants offered Plaintiffs a 39-day extension of the fact discovery deadline (*i.e.*, moving it from December 23, 2024 to January 31, 2025), despite believing that no extension is warranted. That proposed compromise would give Plaintiffs five months to complete their review of Defendants productions and take their 10 fact-witness depositions. Plaintiffs, however, rejected that offer and refused to negotiate anything less than a three-month extension.

Ultimately, Defendants tried to warn Plaintiffs that their initial document requests were overbroad and that the technical Dominator data requested was voluminous. Plaintiffs insisted on forging ahead, only to now complain that they cannot review the production in time for the December 23 fact-discovery deadline (almost four months from now) that they jointly proposed. Defendants' proposed compromise of extending the fact discovery deadline to January 31, 2025 (the September 5 substantial completion deadline should not be extended, given the extraordinary measures Defendants took to meet it) provides Plaintiffs' legal team more than enough time to review Defendants' productions, including any documents produced in response to the four additional RFPs that Plaintiffs belatedly served on August 22, a mere two weeks before tomorrow's substantial completion deadline.

Defendants respectfully request that Defendants' substantial completion deadline remain tomorrow and that the fact-discovery cutoff be extended no further than January 31, 2025 (with a proportionate 39-days extension to the deadlines thereafter). This case has now been pending for more than three years, and Defendants are entitled to have it move forward without undue delay.

Respectfully,

*Amy Pharr Hefley*
Amy Pharr Hefley

cc: All counsel of record

121571906