# EXHIBIT 61

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: SANDISK LLC SECURITIES
LITIGATION

Case No.  15-cv-01455-VC

**ORDER GRANTING MOTION
FOR CLASS CERTIFICATION**

Re: Dkt. No. 209

1.  SanDisk wisely does not dispute that several of the requirements for class certification are met here.  *See* Defs.' Opp'n 6 (Dkt. No. 217).  The record establishes that SanDisk had millions of outstanding shares traded on a national exchange, and there's no reason to doubt that there are enough putative class members that joinder would be impracticable.  *See* Coffman Report ¶¶ 28, 66, Clark-Weintraub Decl. Ex. O (Dkt. No. 210-2); Fed. R. Civ. P. 23(a)(1); *In re Intuitive Surgical Sec. Litig.*, No. 5:13-CV-01920-EJD, 2016 WL 7425926, at *4 (N.D. Cal. Dec. 22, 2016).  The core factual and legal questions in this case, including whether the statements and omissions at issue were material and misleading, and whether the price of SanDisk shares was artificially inflated as a result of them, are common to the class, and the lead plaintiffs allege injuries typical of the class.  Fed. R. Civ. P. 23(a)(2), (3); *see, e.g.*, *Brown v. China Integrated Energy Inc.*, No. CV 11-02559-BRO (PLA), 2015 WL 12720322, at *14 (C.D. Cal. Feb. 17, 2015).  Further, the plaintiffs have demonstrated that a class action is superior to other methods for adjudicating this controversy, and SanDisk has made no arguments to the contrary.  *See* Fed. R. Civ. P. 23(b)(3); *cf. Pace v. Quintanilla*, 308 F.R.D. 644, 649 (C.D. Cal. 2015).

2.  SanDisk primarily argues that the motion for class certification should be denied

because class counsel is inadequate.  Specifically, SanDisk complains that the Second Amended Complaint misrepresented statements from a confidential witness ("CW5").  SanDisk further asserts that if the complaint had described CW5's statements accurately, the plaintiffs would not have been able to survive a motion to dismiss.  This, according to SanDisk, is misconduct by plaintiffs' counsel that should disqualify them from representing the class.

SanDisk is correct that the complaint painted a somewhat misleading picture of the statements CW5 made to plaintiffs' counsel's investigator before the complaint was filed.  *See, e.g.*, Second Am. Compl. ¶ 53 (Dkt. No. 148); Opp'n Ex. 13 at ALL0000125 (Dkt. No. 215-13); Opp'n Ex. 8 at ALL0000082 (Dkt. No. 215-3).  SanDisk is also correct that this sort of conduct could sometimes result in denial of class certification (perhaps without prejudice to filing a renewed motion with adequate counsel).  *Cf. Creative Montessori Learning Ctrs. v. Ashford Gear LLC*, 662 F.3d 913, 917-18 (7th Cir. 2011); *Victorino v. FCA US LLC*, 322 F.R.D. 403, 408-10 (S.D. Cal. 2017); *Lane v. Wells Fargo Bank, N.A.*, No. C 12-04026 WHA, 2013 WL 3187410, at *13-15 (N.D. Cal. June 21, 2013).  But the record is murky, and the transcripts of CW5's conversations with investigators are somewhat difficult to follow, making it difficult to identify an obvious transgression by plaintiffs' counsel.  At one point, for instance, SanDisk merely argues that counsel should have known from context that CW5 misunderstood the investigator's questions regarding one-on-one meetings with Mehrotra, and therefore should have disregarded what CW5 actually said.  *See* Defs.' Opp'n 14-15.  And although the declaration SanDisk obtained from CW5 after the complaint was filed does contradict some of the statements attributed to him in the complaint, it is silent on other key statements, such as statements about sales coming in much lower than projected.  *See* Clark-Weintraub Reply Decl. Exs. B, C (Dkt. Nos. 222-8, 223-2).

Therefore, although plaintiffs' counsel very likely crossed an ethical line in how they characterized CW5's statements in the complaint, it's difficult to assess on the current record whether the misconduct was so serious that it must disqualify counsel from representing the class.  *Cf. City of Pontiac Gen. Emps.' Ret. Sys. v. Lockheed Martin Corp.*, 952 F. Supp. 2d 633,

638 (S.D.N.Y. 2013). On the current record, although it's a close question, the Court concludes that it does not.[1]

3. SanDisk also attacks the adequacy of the lead plaintiffs, contending they have failed to properly supervise the litigation. While plaintiffs are expected to be familiar with the litigation and monitor counsel's performance, the gaps identified by defendants are not so serious that the lead plaintiffs should be considered inadequate. *See In re Intuitive Surgical Sec. Litig.*, 2016 WL 7425926, at *7-8. Nor do the indemnification provisions included in two of the lead plaintiffs' agreements with counsel change the analysis. Pavers and Newport News are, however, ordered to file on the docket, within 21 days of this ruling, PSLRA certifications that identify all relevant transactions. *See* Clark-Weintraub Reply Decl. Exs. FF, GG (Dkt. Nos. 223-12, 223-13); *cf. In re Solar City Corp. Sec. Litig.*, No. 16-CV-04686-LHK, 2017 WL 363274, at *6 (N.D. Cal. Jan. 25, 2017).

4. The plaintiffs have adequately demonstrated that common questions of law or fact predominate, as required by Rule 23(b)(3), notwithstanding the defendants' critiques of the plaintiffs' proposed "out-of-pocket" damages methodology. *Cf. Vaquero v. Ashley Furniture Indus., Inc.*, 824 F.3d 1150, 1155 (9th Cir. 2016) ("[D]amage calculations alone cannot defeat certification." (citation omitted)). The out-of-pocket method is "widely considered an accepted method for the evaluation of materiality damages to a class of stockholders in a defendant corporation." *In re Intuitive Surgical Sec. Litig.*, 2016 WL 7425926, at *17 (internal quotation marks and citation omitted); *cf. Carpenters Pension Tr. Fund of St. Louis v. Barclays PLC*, 310 F.R.D. 69, 99-100 (S.D.N.Y. 2015). The admittedly short portion of the Coffman report addressing this damages methodology, coupled with its general acceptance, suffices to show for

---

[1] SanDisk also argues that the investigator for plaintiffs' counsel recorded his conversations with CW5 without consent, in violation of California law. But the record on this issue is also too unclear to justify a conclusion that class counsel is inadequate. CW5's later comments suggest the investigator may not have been wholly transparent with CW5 during the interviews, but it is not clear that the investigator affirmatively misled CW5, or that the conversation was recorded without CW5's permission. *See* Opp'n Ex. 12 at 41-42, 113-15, Ex. 13, Ex. 19 (Dkt. Nos. 215-11, 215-13, 215-25); *cf. In re Millennial Media, Inc. Sec. Litig.*, No. 14 CIV 7923 PAE, 2015 WL 3443918, at *1, *10-14 (S.D.N.Y. May 29, 2015).

class certification purposes that classwide "damages can be determined without excessive difficulty and attributed to [the plaintiffs'] theory of liability." *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1121 (9th Cir. 2017); *see* Coffman Report ¶¶ 12-13, 77-78.

The defendants do not otherwise dispute that the predominance requirement is met, and the plaintiffs have introduced uncontested evidence that the requirements to invoke the fraud-on-the-market presumption are met here. *See* Coffman Report ¶¶ 14-76; Defs.' Opp'n 23; *Halliburton Co. v. Erica P. John Fund, Inc.*, 134 S. Ct. 2398, 2408, 2412 (2014). The Court is satisfied that the plaintiffs have met their burden with respect to this requirement.

\* \* \*

Accordingly, the motion for class certification is granted. Counsel for the lead plaintiffs are appointed class counsel. The class definition is modified to exclude those who purchased or otherwise acquired SanDisk's publicly traded common stock during the class period but who sold their stock prior to the first corrective disclosure on March 26, 2015. Although it seems unlikely that those who purchased stock after the first corrective disclosure and sold it before the second will be able to prove damages, the Court declines to exclude them at this time.

**IT IS SO ORDERED.**

Dated: September 4, 2018

_____

VINCE CHHABRIA
United States District Judge

4