United States Courts
Southern District of Texas
FILED

*October 21, 2025*

Nathan Ochsner, Clerk of Court

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| IN RE CONCHO RESOURCES INC., SECURITIES LITIGATION | Civil Action No. 4:21-cv-02473 |

**CLASS REPRESENTATIVES' SUR-REPLY TO DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' SUPPLEMENTAL BRIEFING ON LITIGATION HOLD OBJECTIONS**

## TABLE OF CONTENTS

**Page**

I.      BACKGROUND ........................................................................................................1

II.     ARGUMENT............................................................................................................2

III.    CONCLUSION.........................................................................................................6

Class Representatives, Utah Retirement Systems and Construction Laborers Pension Trust for Southern California ("Class Representatives"), respectfully submit this sur-reply in response to Defendants' Reply in Support of Defendants' Supplemental Briefing on Litigation Hold Objections ("Reply" ECF No. 143).[1]

## I.     BACKGROUND

On June 17, 2025, Defendants moved for leave to file a reply in support of their supplemental briefing on litigation hold objections. ECF No. 139. That same night, Defendants served Class Representatives with a new production of documents consisting of: ███████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████.[2] In support of their arguments in the Reply regarding anticipation of litigation, Defendants cited some of their newly produced documents but did not include or even mention ████████████████████████████. *See* Defendants' Reply at 3-5, Exhibits 1-4. These newly produced documents were not available to the Class Representatives at the time they originally filed Class Representatives' Brief on June 10, 2025.

On June 23, 2025, this Court granted Defendants leave to file a reply, and Defendants' Reply was entered on the docket. ECF Nos. 142-143. Class Representatives now bring this sur-

---

[1] Unless otherwise noted, internal quotation marks and citations have been omitted and emphasis added throughout.
[2] *See* Exhibit A (June 17, 2025 Email from Lindsay Fisher); Exhibit B (███████████████████████ ██████████████████████████).

reply addressing the limited issue of anticipation of litigation and unrelated litigation holds that these newly produced documents raise.[3]

## II.      ARGUMENT

Defendants have engaged in smoke and mirrors. On the one hand, in Defendants' Reply, Defendants argue that they did not anticipate litigation in August 2019. Defendants' Reply at 3.

██████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████. *Id*. To make that argument,

████████████████████████████████████████████████████

████████████████. *See id.*, and Defendants' Reply Exhibits 1-4. Far from supporting Defendants'

arguments, ██████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████. *See* Class Representatives' Brief at 5-6. Moreover,

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████. Defendants' Reply at 4-5.

---

[3] While the scope of this sur-reply is deliberately limited, Class Representatives are fully prepared to address the additional issues raised in Defendants' Reply on the Court's request.

On the other hand, however, Defendants failed to disclose to the Court that they produced

███████████████████████████████████████ the same night as their motion for leave.

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████.[4]

████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

---

[4] How or why these ████████████████████████████ were not produced until now is puzzling. However, what is certain is that their late production is highly prejudicial to the Class, who already concluded fact witness depositions, including of the Individual Defendants who attended and actively participated in the August 12, 2019 Board meeting. Defendants also produced this document after the close of fact discovery (the Court's current extension contemplates only specific discovery issues raised and resolved at the recent discovery hearing). Thus, Defendants have precluded the Class from conducting discovery on ████████████████████████ on the steps Defendants and Concho's insurers took in anticipation of shareholder litigation in connection with the alleged corrective disclosure. ████████████████████████████████████████████████ ███████ Such third-party discovery would have been critical considering that potential spoliation is now clearer than ever.

[5] See Exhibit B. ████████████████████████████████████ ████████████████████████████████████████████." See Exhibit D (████████████ ███████████████████████████) at p. 4.████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ████████████████████████████ See Exhibit B. Class Representatives have since asked Defendants to confirm this is the final deck or that a final deck be produced immediately.

[6] See Exhibit B.

[7] Id.

3



."9

This is blatant evidence that Defendants anticipated litigation in connection with the August 1, 2019 stock drop.

[8] *Id.* ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ . Exhibit D at 10.
[9] Exhibit B. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Exhibit D at 8-9.
[10] Exhibit B. I▮▮▮▮▮▮▮▮▮▮▮▮ .
[11] Exhibit B.

Defendants' Reply suggests that shareholder activism does not relate to litigation. Defendants' Reply at 3. That is utterly ridiculous and borderline bad faith. "Shareholder activism may be defined along a spectrum of actions—from gaining corporate control (corporate raiding in 80s America) to ***instituting shareholder litigation*** to other forms of influence changing corporate directions without changing the stake of control (such as accessing the proxy system, making proposals and initiating dialogue, or relationship investing)."[12] Simply put, shareholder activism includes "***activities of institutional investors*** such as monitoring, discussion with boards and management of investee companies, and ***litigation***."[13] Even the American Bar Association considers securities litigation shareholder activism.[14] Indeed, courts regularly acknowledge that shareholder protection is a central purpose of private securities actions. *See, e.g.*, *Basic Inc. v. Levinson*, 485 U.S. 224, 230–231 (1988) (explaining that Congress enacted the Securities Exchange Act to protect investors, and that private causes of action are a vital form of enforcement); *Edwards v. McDermott Int'l, Inc.*, 2022 WL 1568279, at *2 (S.D. Tex. May 18, 2022) ("a central purpose of these securities laws is to protect investors and would-be investors in the securities market against misrepresentations").

Defendants fail to consider the practicality (or the reality and gravity) of the fact that ███ ████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████. Even if somehow securities litigation was not implied by shareholder activism (it is) and "shareholder activism" only encompassed shareholder derivative and mergers and acquisitions litigation, Defendants'

---

[12] Dr. Iris H-Y Chiu, *The Meaning of Share Ownership and the Governance Role of Shareholder Activism in the United Kingdom*, 8 Rich. J. Global L. & Bus. 117, 137–38 (2008) (emphasis added).

[13] Sang Yop Kang, *The Interplay of Stewardship, Shareholder Activism, and ESG: A Focus on Korea's National Pension Service*, 33 S. Cal. Interdisc. L.J. 329, 342 (2023) (emphasis added).

[14] Exhibit E, Pete S. Michaels and Alyssa C. Scruggs, *The Rise of Shareholder Activism and Litigation Related to Environmental, Social, and Governance Investing*, American Bar Association (Apr. 1, 2021).

anticipation of litigation would have necessitated a litigation hold, including for preliminary issues such as "Books and Records" demands in such litigation. *See* 8 Del. Code Ann. § 220(b). Moreover, such litigation would involve the same cast of characters and would require the same forms of communications and documents (*e.g.*, emails, text messages, custodial files) to be held for litigation until at least the expiration of the three-year statute of limitations for such actions, if not longer. 10 Del. Code Ann. § 8106.

In short, it is simply inconceivable that ███████████████████████████ ████████████████████████████ but failed to institute a litigation hold until 2021, as they indicate in their responses to Class Representatives' Requests for Admission. But if that is what occurred here, then that would fall squarely within the definition of spoliation.

## III.    CONCLUSION

For the foregoing reasons, this Court should: (1) deny Defendants' motion for protective order in its entirety; (2) compel Defendants to respond to the RFAs where appropriate; and (3) for such other and further relief this Court deems just and reasonable.

DATED: June 30, 2025

Respectfully submitted,

**LABATON KELLER SUCHAROW LLP**
Alfred L. Fatale III (*pro hac vice*)
Joseph N. Cotilletta (*pro hac vice*)
Rachel A. Berger (*pro hac vice*)
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
afatale@labaton.com
jcotilletta@labaton.com
rberger@labaton.com

*Class Counsel for Class Representatives and the Class*

6

**FOGLER, O'NEIL & GRAY LLP**
Murray J. Fogler
Robin Finney O'Neil
909 Fannin St., Suite 1640
Houston, TX 77010
Telephone: 713-481-1010
Facsimile:713-574-3224
mfogler@foglerlaw.com
roneil@foglerlaw.com

*Liaison Counsel for Class Representatives and the
Class*

7

## CERTIFICATE OF SERVICE

I certify that on June 30, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Notice of Electronic Filing.

Joseph N. Cotilletta